IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY FRANK CAMERON, ) | |
| AIS #105591, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   v.   ) | CIVIL ACTION NO. 2:10-CV-486-TMH |
|   ) | [WO] |
|   ) | |
| BOARD OF PARDONS AND PAROLES, ) | |
|   ) | |
|   Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jimmy Frank Cameron ["Cameron"], a state inmate and frequent litigant before this court. In the instant complaint, Cameron alleges the Alabama Board of Pardons and Paroles denied him parole in March of 2009 in retaliation for his filing a prior lawsuit with this court. Cameron names the Board of Pardons and Paroles as the sole defendant in this cause of action and seeks his release on parole.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Cameron leave to proceed *in forma pauperis*. *Order of June 7, 2010 - Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it

## II. DISCUSSION

1. <u>The Board of Pardons and Paroles</u>.  The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").  Consequently, the plaintiff's claim against the Board of Pardons and Paroles is "based on an indisputably meritless legal theory" and is therefore subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

2. <u>Request for Release</u>.  Cameron maintains the defendant violated his constitutional rights when it recently denied him parole in retaliation for filing a previous lawsuit and requests that this court order his release on parole.  The relief sought by Cameron is not properly before the court in this cause of action. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646 (1997).

In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned

---

determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The principles espoused in *Heck* and *Balisok* apply to revocations and denials of parole. *Butterfield v. Bail*, 120 F.3d 1023 (9th Cir. 1997) (denial of parole); *Littles v. Board of Pardons and Paroles Div*., 68 F.3d 122, 123 (5th Cir.1995) (revocation of parole); *Schafer v. Moore*, 46 F.3d 43, 44-45 (8th Cir.1995) (denial of parole). The plaintiff has not shown that the parole decision he challenges has been invalidated in an appropriate civil action. Thus, the instant collateral attack on the adverse action taken against him by the Alabama Board of Pardons and Paroles is prohibited by *Heck* and *Balisok*. Based on the foregoing, the court concludes that Cameron presently has no cause of action under § 1983 with respect to his claim challenging the validity of the latest decision to deny him parole and his request for release on parole is therefore due to be dismissed in accordance with the provisions of

28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claim against the Board of Pardons and Paroles be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's challenge to the 2009 decision to deny him parole be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3.  This case be dismissed prior to service of process.

It is further

ORDERED that on or before June 30, 2010 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of June 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE